Harold E. Koreman, J.
In this proceeding pursuant to article 78, petitioner seeks a judgment declaring section 65.6 of the respondent Commissioner of Education’s regulations (8 NYCRR 65.6) enacted pursuant to subdivision (9) of section 7004 of the Education Law, null and void; enjoining respondents from asserting supervision over petitioner’s courses of instruction for continuing education; declaring that the courses of continuing education offered by petitioner during the period February 15, 1973 through August 21, 1973 and thereafter are valid, and that registered podiatrists who enrolled in such courses are entitled to credits toward the continuing education requirement provided under the Laws of 1972 (ch. 289, § 1). Respondents have filed objections in point of law together with their answer, and allege that section 65.6 of the Commissioner’s regulations correctly interprets subdivision (9) of section 7004 of the Education Law as authorizing petitioner to conduct programs in continuing education subject to their approval by the State Board of Podiatry, in accordance with regulations of respondent Commissioner, and the petitioner has refused to submit the necessary information for approval of its courses as required by section 65.6 of the regulations.
The .sole issue for the court’s determination is whether subdivision (9) of section 7004 of the Education Law requires or authorizes the Department of Education to assert supervisory jurisdiction over petitioner’s continuing education programs. •Section 1 of chapter 289 of the Laws of 1972 amended section 7004 of the Education Law by adding a requirement for continuing education in the practice of podiatry which states that: “ (9) ‘Continuing education: In accordance with the requirements of section sixty-five hundred two of the education law, at the time of biennal registration with the department, each applicant shall present satisfactory evidence to the state board for podiatry that in the years prior to the filing for re-registration he attended the education programs conducted by the podiatry society of the state of New York or the equivalent of such educational pro *733 grams as approved by the state board for podiatry in accordance with the commissioner’s regulations.”
Pursuant to this statute and to the general authority to enact regulations in the practice of the professions (Education Law, §§ 6506, 6507) respondent Board of Regents approved the addition of section 65.6 of the regulations of the Commissioner of Education which authorizes petitioner to conduct programs in continuing education, subject to the approval of such programs by the State Board of Podiatry, in accordance with stated regulations of respondent Commissioner. In order to qualify for renewal of registration (Education Law, § 6502, subd. 3), practitioners of podiatry must have completed courses in continuing education as provided for and approved by the State Board of Podiatry (8 NYCRR 65.6 [c]). .Petitioner contends that in enacting subdivision (9) of section 7004 of the Education Law, the Legislature intended that petitioner independently be allowed to establish the necessary criteria for programs conducted in and for continuing education in the profession, and that only the equivalent programs required approval of the State Board of Podiatry in accordance with the Commissioner’s regulations. In support of that position petitioner has submitted a letter from the legislator sponsoring the amendment stating that such was his intention. It is contended further that in the construction of statutes the doctrine of the “ last antecedent” should be applied. Under that doctrine petitioner urges that the language “ as approved .by the state board for podiatry in accordance with the commissioner’s regulations ” refers only to language immediately preceeding, i.e., “ or the equivalent of such educational programs ”, and does not relate back to the provision that “ he attended the education programs conducted by the Podiatry Society of the State of New York ’ ’.
In the court’s opinion the language of subdivision (9) of 'section 7004, as enacted, leaves little, if any, doubt as to the legislative intent and purpose to require that continuing education programs for practitioners of podiatry be subject to approval by the State Board of Podiatry in accordance with the Commissioner’s regulations, regardless of whether the practitioner attended the programs conducted by petitioner or the equivalent of such programs. The Board of Regents is charged with the responsibility of supervising the admission to and the practice of the professions, and the Commissioner and the Department of Education with the administration of the practice of the professions. In the performance of their statutory duties they may establish standards for professional education, experience and *734 licensing as required for each profession. (Education Law, §§ 6502, 6506, 6507.) It cannot be said, therefore, that the provisions of subdivision (9) of section 7004 do not serve a useful purpose, or that the Legislature used words having no meaning. Notwithstanding the general rule of “last antecedent”, where general words appear at the end of a sentence and following several possible antecedents, they usually refer to, and modify, the whole sentence and not merely the last preceding antecedent. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 254.) The general words appearing at the end of the sentence, following more than one possible antecedent are, “ as approved by the state board for podiatry in accordance with the commissioner’s regulations.” While private professional societies such as petitioner’s, incorporated by special legislative acts, may and do act in an advisory capacity and make recommendations to the State boards and the Department of Education in matters affecting their profession, they have no independent power to establish mandatory standards for professional licenses, as petitioner claims here. Finally, the court is in agreement with respondents that the interpretation urged by petitioner would result in an unconstitutional delegation of governmental powers to a private corporation representing the interests of the members of the petitioner society. (U. S. Const., 14th Amdt.; N. Y. Const., art. 1, § 11; and art. 3, § 1.) “In this regard it has been said that statutes must be construed to avoid not only the conclusion that they are unconstitutional, but also to avoid any grave doubts upon that score.” (McKinney’s Cons. Laws of N. Y., Book 1, § 150, p. 324 and cases cited therein.)
Accordingly respondents’ objections in point of law are sustained, and the petition is dismissed.'